IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JARRETT PATTON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOMO, INC., JOSHUA G. JAMES, BRUCE FELT, FRASER BULLOCK, MATTHEW R. COHLER, DANA EVAN, MARK GORENBERG, NEHAL RAJ, and GLEN SOLOMON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:19-CV-781-DAK-EJF<br><br>Judge Dale A. Kimball |

This matter is before the court on EXKAE Ltd.'s Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel. No other party moved to be lead plaintiff. However, Defendants opposed EXKAE's motion. The court does not believe a hearing would substantially aid the court in its decision of this motion. Accordingly, the court vacates the hearing set for the motion and enters the following Memorandum Decision and Order based on the parties' written submissions and the facts and law relevant to the pending motion.

## DISCUSSION

EXKAE seeks to be appointed Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned Defendants that purchased or otherwise acquired (a) Domo, Inc. Common stock pursuant and/or traceable to Domo's initial public offering commenced on or around June 29, 2018 ("IPO") or (b) Domo securities between June 28, 2018,

and September 5, 2019 ("Class Period").  EXKAE also seeks approval of its selection of Pomerantz LLP as Lead Counsel and Peters Scofield as Liaison Counsel for the Class.

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  On October 17, 2019, Pomerantz published notice over Globe Newswire.  Within sixty days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *Id.* §§ 78u-4(a)(3)(A) and (B).

The court shall then consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  *Id.* § 78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that-- (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *Id.*

EXKAE is the only party to move for appointment as Lead Plaintiff.  No other class member opposes EXKAE's appointment.  However, Defendants oppose the motion, arguing that EXKAE does not meet Rule 23's typicality and adequacy requirements.  A party moving to

become lead plaintiff must make showings of typicality and adequacy that are only preliminary in nature. *Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 680 (D. Utah 2004); *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 407 n.8 (D. Minn. 1998). "The PSLRA directs courts to limit [their] inquiry regarding adequacy to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class." *Meyer*, 225 F.R.D. at 681.

EXKAE argues that Defendants lack standing to contest its appointment as lead plaintiff. A majority of courts have held that the PSLRA's language makes clear that "only class members may seek to rebut the presumption, and the court should not permit or consider any arguments by defendants or non-class members." *In re Cendant Corp. Litig.,* 264 F.3d 201, 268 (3rd Cir. 2001); *Richard NMI Bell v. Acendat Solutions, Inc.*, 2002 WL 638571 (N.D. Tex. April 17, 2002) (collecting cases).

Pursuant to these cases, Defendants lack standing under the PSLRA to challenge EXKAE's motion for appointment as lead plaintiff. In this case, there is no dispute between the putative class members. EXKAE is the only party moving to be Lead Plaintiff. Defendants, therefore, seek to deprive the putative class of having any representative. The court agrees with the majority of courts that have concluded that the PSLRA does not support such a maneuver. To the extent that Defendants have issues with typicality and adequacy, they can raise those issues during the class certification process. Preliminarily, the court finds that EXKAE's claims are typical of the claims of the class and EXKAE will fairly and adequately protect the interests of the class.[1] Accordingly, the court grants EXKAE's motion for appointment as Lead Plaintiff.

---

[1] Generally, typicality requires that a plaintiff's claims be aligned with those of the putative class, as indicated by similar legal theories. *Bayles v. AM. Med. Response*, 950 F. Supp. 1053, 1060 (D. Colo. 1996) ("Typicality exists where the injury and the conduct are sufficiently

3

With respect to the appointment of Lead Counsel, the Lead Plaintiff's choice of counsel should not be disturbed unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B0(iii)(II)(aa). Defendants do not attempt to oppose the qualifications and adequcey of the proposed Lead Counsel. Therefore, the court approves of Plaintiff's selection of Pomerantz LLP as Lead Counsel and Peters Scofield as Liaison Counsel for the class.

**CONCLUSION**

Based on the above reasoning, EXKAE Ltd.'s Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel [ECF No. 17] is GRANTED. The hearing set for June 4, 2020, on this motion is VACATED.

DATED this 7th day of April, 2020.

BY THE COURT:

Dale A. Kimball,
United States District Judge

---

similar."). And, in the Tenth Circuit, the "[c]riteria for assessing adequacy of representation include whether the plaintiff has common interests with the class members and whether the representative will vigorously prosecute the interests with the class through qualified counsel." *Schwartz v. Celestial Seasonings, Inc.,* 178 F.R.D. 545, 552 (D. Colo. 1998).