Gregory L. Watts (*pro hac vice*)
Stephanie L. Jensen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA  98104
Telephone:  (206) 883-2500
Facsimile:   (206) 883-2699
gwatts@wsgr.com
sjensen@wsgr.com

Gregory M. Saylin (9648)
Cory A. Talbot (11477)
HOLLAND & HART LLP
222 South Main St., Suite 2200
Salt Lake City, UT 84101
Telephone:  (801) 799-5800
Facsimile:   (801) 799-5700
gmsaylin@hollandhart.com
catalbot@hollandhart.com

Ignacio E. Salceda (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 493-9300
Facsimile:   (650) 493-6811
isalceda@wsgr.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EXKAE Ltd., Lead Plaintiff, and MARISA ELLIS, JOHN MARBACH, JARRETT PATTON, and LISA DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DOMO, INC., JOSHUA G. JAMES, BRUCE FELT, FRASER BULLOCK, MATTHEW R. COHLER, DANA EVAN, MARK GORENBERG, NEHAL RAJ, and GLENN SOLOMON,<br><br>Defendants. | Case No. 2:19-cv-00781-DAK-DAO<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN THE AMENDED COMPLAINT**<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

**STATEMENT OF RELIEF SOUGHT AND SPECIFIC GROUNDS FOR MOTION**

Pursuant to Federal Rule of Evidence 201 and relevant case law, defendants Domo, Inc. ("Domo" or the "Company"), Joshua G. James, Bruce Felt, Fraser Bullock, Matthew R. Cohler, Dana Evan, Mark Gorenberg, Nehal Raj, and Glenn Solomon ("Defendants") request that this Court consider certain documents incorporated by reference into Plaintiffs' Amended Class Action Complaint for Violations of the Federal Securities laws ("Complaint" or "¶"), ECF No. 42, and documents judicially noticeable, in connection with their Motion to Dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Motion to Dismiss"), filed concurrently herewith. The documents described herein are exhibits to the Declaration of Stephanie L. Jensen in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Jensen Declaration").

**ARGUMENT**

In ruling on a motion to dismiss a federal securities claim, "'courts must consider the complaint in its entirety,' including 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Kessman v. Myriad Genetics, Inc.*, 2019 WL 1330363, at *3 (D. Utah Mar. 25, 2019) (unpublished) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "In securities cases it is not unusual to consider 'documents incorporated by reference into the complaint, public documents filed with the SEC [Securities and Exchange Commission], and documents the plaintiffs relied upon in bringing suit.'" *Emps.' Ret. Sys. of R.I. v. Williams Cos.*, 889 F.3d 1153, 1158 (10th Cir. 2018) (quoting *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013)).

**I.      THE COURT SHOULD CONSIDER DOCUMENTS INCORPORATED INTO THE COMPLAINT BY REFERENCE**

Pursuant to the incorporation by reference doctrine, courts may consider documents that are "central to the plaintiff's claim and referred to in the complaint" in deciding a motion to

1

dismiss. *See Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005). Otherwise, Plaintiffs could escape dismissal merely by denying the Court the opportunity to consider the dispositive documents. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997); *see also Karacand v. Edwards*, 53 F. Supp. 2d 1236, 1246 (D. Utah 1999) ("Courts have rejected as disingenuous the attempts of plaintiffs to exclude documents on which they rely on pleading their allegations.").

Accordingly, Defendants request that the Court consider the following documents under the incorporation by reference doctrine:

1.  **Exhibit 2**, excerpts of Domo's amended Registration Statement on Form S-1/A, filed with the Securities and Exchange Commission (the "SEC") on June 18, 2018 and deemed effective on June 28, 2018. *See, e.g.,* ¶¶ 58, 60, 66 (including block quotes from the Registration Statement).

2.  **Exhibit 3**, excerpts of Domo's 2Q20 Earnings Call Transcript, dated September 5, 2019. *See* ¶¶ 110-112.

3.  **Exhibit 4**, excerpts of Domo's 2Q19 Press Release, filed on Form 8-K with the SEC on September 6, 2018. *See* ¶ 70.

4.  **Exhibit 5**, excerpts of Domo's 3Q19 Press Release, filed on Form 8-K with the SEC on December 6, 2018. *See* ¶ 81.

5.  **Exhibit 6**, excerpts of Domo's 2Q19 Earnings Call Transcript, dated September 6, 2018. *See* ¶¶ 72-73.

6.  **Exhibit 8**, excerpts of Domo's 3Q19 Earnings Call Transcript, dated December 6, 2018. *See* ¶¶ 82-83.

7.  **Exhibit 9**, excerpts of Domo's 1Q20 Press Release, filed on Form 8-K with the SEC on June 6, 2019. *See* ¶ 99.

8.  **Exhibit 10,** excerpts of Domo's 4Q19 Earnings Call Transcript, dated March 13, 2019. *See* ¶¶ 89-90.

9.  **Exhibit 11**, excerpts of Domo's 1Q20 Earnings Call Transcript, dated June 6, 2019. *See* ¶¶ 100-101.

10.  **Exhibit 13**, excerpts of Domo's 2Q20 Press Release, filed on Form 8-K with the SEC on September 5, 2019. *See* ¶ 109.

11.  **Exhibit 16**, excerpts of Domo's 2Q19 Form 10-Q, filed with the SEC on September 13, 2018. *See* ¶¶ 75-79.

12.  **Exhibit 17**, excerpts of Domo's 3Q19 Form 10-Q, filed with the SEC on December 13, 2018. *See* ¶¶ 85-87.

13.  **Exhibit 18**, excerpts of Domo's 1Q20 Form 10-Q, filed with the SEC on June 13, 2019. *See* ¶¶ 103-107.

These documents are incorporated by reference in the Complaint and are central to Plaintiffs' allegations.

## II.   THE COURT SHOULD ALSO CONSIDER JUDICIALLY NOTICEABLE DOCUMENTS

A judicially noticeable fact is one that is not subject to reasonable dispute in that it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

### A.   SEC Filings

Domo's public filings with the SEC are also proper subjects of judicial notice. *See Emps.' Ret. Sys. of R.I.*, 889 F.3d at 1158 (noting that in motions to dismiss in securities cases, courts often consider documents filed with the SEC); *see also Smallen v. Western Union Co.*, 950 F.3d

1297, 1310 n. 9 (10th Cir. 2020) (in motion to dismiss decision, taking judicial notice of proxy statements Defendant filed with the SEC); *Karacand*, 53 F. Supp. 2d at 1246 (taking judicial notice of Defendant's SEC filings where the filings formed the basis of the allegations and were offered to show the individual defendants' state of mind).

Accordingly, Defendants request that the Court take judicial notice of the following documents filed with the SEC:

1.    **Exhibits 2, 4-5, 9, 13, 16-18** as described above.

2.    **Exhibit 7**, excerpts of Domo's 4Q and FY19 Press Release, filed on Form 8-K with the SEC on March 13, 2019.

3.    **Exhibit 14,** Salesforce.com, Inc.'s Press Release, filed on Form 8-K with the SEC on June 10, 2019.

4.    **Exhibit 15**, excerpts of Domo's FY20 Form 10-K, filed with the SEC on April 13, 2020.

### B.    Publicly-Filed Press Releases

The Court can also take judicial notice of publicly-released press releases. *See In re Zagg, Inc. S'holder Derivative Action*, 2014 WL 5089939, at *1 (D. Utah Oct. 9, 2014) (unpublished) (taking judicial notice of press releases), *aff'd*, 826 F.3d 1222 (10th Cir. 2016); *Lane v. Page*, 649 F. Supp. 2d 1256, 1301 (D.N.M. 2009) (in a securities case motion to dismiss, considering "materials such as newspaper articles not referenced in a complaint" because articles and press releases "fall within the scope of judicial notice").

Accordingly, Defendants request that the Court take judicial notice of the following publicly-available press releases:

1.    **Exhibits 4, 5, 9, 13 and 14** as described above.

2.    **Exhibit 12**, Google LLC's Press Release, dated June 6, 2019.

4

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court find the above-referenced documents, Exhibits 2-18 of the Jensen Declaration, incorporated by reference into the Complaint and/or proper subjects of judicial notice and consider these documents in connection with Defendants' Motion to Dismiss.

RESPECTFULLY SUBMITTED this 9th day of July, 2020.

**HOLLAND & HART LLP**

/s/ Gregory M. Saylin
Gregory M. Saylin
Cory A. Talbot

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

/s/ Gregory L. Watts
Gregory L. Watts (admitted pro hac vice)
Ignacio E. Salceda (admitted pro hac vice)
Stephanie L. Jensen (admitted pro hac vice)

Attorneys for Defendants Domo, Inc., Joshua G. James, Bruce Felt, Fraser Bullock, Matthew R. Cohler, Dana Evan, Mark Gorenberg, Nehal Raj, and Glenn Solomon